# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| HOPE RAINEY, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | CIVIL ACTION CASE NUMBER: |
| v. ) | |
| ) | |
| OS RESTAURANT SERVICES, ) | |
| LLC, d/b/a BLOOMIN BRANDS, ) | |
| ) | |
|   Defendant. ) | PLAINTIFF DEMANDS A TRIAL |
| ) | BY STRUCK JURY |

## COMPLAINT

## JURISDICTION AND VENUE

1. This is an employment discrimination action in which the Plaintiff, Hope Rainey, alleges that the Defendant, OS Restaurant Services, LLC, violated Title VII of the Civil Rights Act of 1964, as amended, when it subjected her to unlawful gender discrimination and retaliation.

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§ 2201 and 2202.

1

3. Venue is proper because the Defendant employed the Plaintiff in Autauga County, Alabama which is part of the Northern Division of the Middle District of Alabama.

## PARTIES

4. The Plaintiff, Hope Rainey, is an adult resident of the State of Alabama.

5. The Defendant, OS Restaurant Services, LLC d/b/a Bloomin' Brands, is Florida limited liability company.

6. Defendant, OS Restaurant Services, LLC ("Outback") operates restaurants under the brand name Outback Steakhouse.

7. Outback employed the Plaintiff at its Prattville, Alabama location.

8. Outback was the Plaintiff's employer for purposes of Title VII.

## ADMINISTRATIVE REMEDIES

9. On April 12, 2023, Rainey filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Exhibit 1).

10. On May 31, 2024, the EEOC issued a Determination and Notice of Rights. (Exhibit 2).

11. Rainey filed this action within 90 days of May 31, 2024.

12. Rainey fulfilled all conditions precedent to the institution of this lawsuit.

## FACTUAL BACKGROUND

13. Rainey worked for Outback as a Key at the Prattville, Alabama Outback

restaurant.

14. A Key is a non-salaried manager.

15. Rainey's gender is female.

16. Rainey was a working mother.

17. During Rainey's employment, Rainey's store proprietor, kitchen manager, and human resources representative commented that Rainey's status as a mother adversely affected her career.

18. During Rainey's employment, Rainey's store proprietor, kitchen manager, and human resources representative referenced Rainey's children and commented that her "outside obligations" may be holding her back at work.

19. Rainey learned that her store proprietor and kitchen manager used their positions to influence sexual activity with young, female employees at the Prattville restaurant.

20. Rainey opposed the conduct of the proprietor and kitchen manager by objecting to the conduct to management.

21. Rainey opposed the conduct of the proprietor and kitchen manager by reporting their conduct to Human Resources.

22. After Rainey complained, the human resources, the proprietor, and the kitchen manager subjected her to heightened scrutiny.

23. After Rainey complained, the human resources, the proprietor, and the

3

kitchen manager looked for ways to discipline Rainey.

24. After Rainey complained, the human resources, the proprietor, and the kitchen manager restricted Rainey's means of communication with hourly employees and managers.

25. Rainey complained to human resources about retaliation and the efforts by Outback to limit employees' abilities to effectively voice their complaints.

26. In response to Rainey's complaint, human resources told Rainey to "stop meddling" and that everyone needed to think about their "livelihoods."

27. Rainey took the warning as a threat that she should stop complaining and/or opposing unlawful conduct.

28. Human resources, the proprietor, and the kitchen manager continued to look for ways to discipline Rainey.

29. The proprietor and the kitchen manager froze Rainey out of work-related communications and conversations that were necessary for her to effectively do her job.

30. After Rainey complained, Outback reduced Rainey's scheduled work hours.

31. After Rainey complained, the human resources, the proprietor, and the kitchen manager solicited complaints from employees about Rainey.

32. After Rainey complained, the human resources, the proprietor, and the kitchen manager attempted to make it look like Rainey was coercing employees into complaining or providing false information.

33. On April 12, 2023, Outback removed Rainey from the work schedule without notice or explanation.

## COUNT I
## GENDER DISCRIMINATION
## TITLE VII

34. For purposes of context, Rainey adopts and incorporates the facts set forth above.

35. This count challenges Outback subjecting Rainey to gender discrimination with respect to the terms and conditions of her employment, culminating in her constructive discharge in April 2023.

36. Outback viewed Rainey's status as a working mother negatively.

37. Outback communicated to Rainey that her status as a mother was adversely affecting her career with the company.

38. Outback permitted its male managers, including the kitchen manager and proprietor at the location where Rainey worked, to show disrespect toward female employees.

39. Rainey's gender was a motivating factor in Outback's decision to reduce her work hours, attempt to discipline her, limit her future with the company,

remove her from the work schedule, and constructively discharge her from her employment.

40. Outback's conduct injured Rainey.

WHEREFORE, PREMISES CONSIDERED, Rainey requests this Court enter a judgment against OS Restaurant Services, LLC under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;

b. Awards punitive damages to be determined by the trier of fact;

c. Awards nominal damages to be determined by the trier of fact;

d. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Rainey's personnel file(s);

e. Awards that relief which is fair, reasonable, and just;

f. Awards costs against OS Restaurant Services, LLC including a reasonable attorney's fee.

**COUNT II**
**GENDER DISCRIMINATION (HOSTILE WORK ENVIRONMENT)**
**TITLE VII**

41. For purposes of context, Rainey adopts and incorporates the facts set forth above.

42. Rainey observed and experienced a work environment hostile toward female employees.

43. Persons in positions of influence and power over Rainey's employment told her that her status as a mother affected her career and that her outside obligations to her children were holding her back.

44. Rainey's proprietor and kitchen manager made vulgar, sexual remarks at work which Rainey observed and/or learned of from other employees.

45. Rainey learned of her kitchen manager and proprietor using their positions to pursue sexual encounters with female hourly employees at the restaurant.

46. The offensive and unwanted gender-derogatory conduct Rainey experienced, observed, and knew of while working with Outback affected her work environment.

47. Rainey complained to Outback's human resources department that it was permitting a sexually hostile work environment.

48. Human resources rebuffed and dismissed Rainey's complaints.

49. Despite Rainey's complaints, the hostile work environment continued.

50. Outback was responsible for the gender-based hostile work environment in which Rainey worked.

51. Outback's conduct injured Rainey.

WHEREFORE, PREMISES CONSIDERED, Rainey requests this Court enter a judgment against OS Restaurant Services, LLC under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;

b. Awards punitive damages to be determined by the trier of fact;

c. Awards nominal damages to be determined by the trier of fact;

d. Awards injunctive and equitable relief;

e. Awards that relief which is fair, reasonable, and just;

f. Awards costs against OS Restaurant Services, LLC including a reasonable attorney's fee.

## COUNT III
## RETALIATION
## TITLE VII

52. For purposes of context, Rainey adopts and incorporates the facts set forth above.

53. Section 704(a) of Title VII of the Civil Rights Act prevents retaliation by employers. The relevant statutory language reads:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

54. Rainey engaged in activity protected by Title VII when she opposed what she believed in good faith to be gender discrimination/sexual harassment and retaliation.

55. Defendant retaliated against Rainey when it subjected her to heightened scrutiny, looked for reasons to discipline her, reduced her work hours, threatened her career as it related to her complaints, froze her out of work communications and conversations, removed her from the work schedule, and constructively discharged her.

56. Defendant's actions were intended to punish Rainey for engaging in protected activity as well as to discourage and dissuade further protected activity.

57. Defendant's actions injured Rainey.

WHEREFORE, PREMISES CONSIDERED, Rainey requests this Court enter a judgment against OS Restaurant Services, LLC under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

 a. Awards compensatory damages to be determined by the trier of fact;
 b. Awards punitive damages to be determined by the trier of fact;
 c. Awards nominal damages to be determined by the trier of fact;

    d. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Rainey's personnel file(s);

    e. Awards that relief which is fair, reasonable, and just;

    f. Awards costs against OS Restaurant Services, LLC including a reasonable attorney's fee.

## COUNT IV
## RETALIATION – HOSTILE WORK ENVIRONMENT
## TITLE VII

58. For purposes of context, Rainey adopts and incorporates the facts set forth above.

59. Rainey engaged in activity protected by Title VII when she opposed what she believed in good faith to be gender discrimination/sexual harassment and retaliation.

60. Defendant subjected Rainey to a retaliatory hostile work environment when it subjected her to heightened scrutiny, looked for reasons to discipline her, reduced her work hours, froze her out of work communications and conversations, threatened her career as it related to her complaints, and removed her from the work schedule.

61. The retaliatory hostile work environment to which Outback subjected Rainey constructively discharged her.

62. Defendant's actions were intended to punish Rainey for engaging in protected activity as well as to discourage and dissuade further protected activity.

63. Defendant's actions injured Rainey.

WHEREFORE, PREMISES CONSIDERED, Rainey requests this Court enter a judgment against OS Restaurant Services, LLC under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

    g. Awards compensatory damages to be determined by the trier of fact;

    h. Awards punitive damages to be determined by the trier of fact;

    i. Awards nominal damages to be determined by the trier of fact;

    j. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Rainey's personnel file(s);

    k. Awards that relief which is fair, reasonable, and just;

    l. Awards costs against OS Restaurant Services, LLC including a reasonable attorney's fee.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

                                    Respectfully submitted,

                                    /s/ Heather Newsom Leonard
                                    Heather Newsom Leonard
                                    ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421
Heather@HeatherLeonardPC.com

**SERVE THE DEFENDANT VIA PROCESS SERVER:**

OS Restaurant Services, LLC
c/o Corporate Creations Network, Inc.
4000Eagle Point Corporate Drive
Birmingham, AL 35242